IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SEIBENTHAULER LODGE,

    Plaintiff,

vs.

Case No. 2:17-cv-01180 SMV KRS

CITY OF CLOVIS, CLOVIS POLICE
DEPARTMENT, OFFICER BRENT
AGUILAR, OFFICER BRICE STACY,
OFFICER STEPHEN BORDERS, OFFICER
AMANDA BOREN, OFFICER CHRISTOPHER
CARON, OFFICER DOUGLAS OSBORN, AND
OFFICER CHRISTIAN TOWNSEND, in their
Individual and Official Capacities,

    Defendants.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF QUALIFIED IMMUNITY

COME NOW Defendants City of Clovis, Clovis Police Department, Officer Amanda Boren, Officer Brice Stacy, Officer Brent Aguilar, and Officer Stephen Borders (collectively "Defendants"), by and through their attorneys of record Lewis Brisbois Bisgaard & Smith, LLP (by Gregory L. Biehler), with their Motion for Summary Judgment on the Basis of Qualified Immunity, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which states as follows:

### I. INTRODUCTION

In the early morning hours of November 1, 2015, Clovis Police Department Officers Brice Stacy, Brent Aguilar, Stephen Borders, Douglas Osborn, and Christopher Caron were dispatched to Kathy Drive in Clovis, New Mexico in response to complaints of a physical altercation. The Officers thoroughly investigated the incident during which they observed, among other things: (1) A woman

4820-1512-4318.9

named Ambree Taylor-Hernandez near the scene of the fight crying, covered in blood, severely bleeding from her nose, with a laceration on her nose and a swollen right eye that she could not open; (2) Plaintiff Seibenthauler Lodge ("Plaintiff") also near the scene of the fight and near Ms. Taylor-Hernandez with blood on his clothes and an abrasion on the knuckles of his right hand consistent with punching an object; (3) Ms. Taylor-Hernandez repeatedly telling the Officers that her condition was caused by Plaintiff punching her in the face multiple times; (4) Ms. Taylor-Hernandez telling Officers she was punched so hard she saw stars; and (5) significant amounts of blood at the scene of the fight. In response to their investigation, including the foregoing observations, Officers Stacy and Borders made the decision to arrest Plaintiff for aggravated battery, which is defined by New Mexico law as "the unlawful touching or application of force to the person of another with intent to injure that person or another." NMSA § 30-3-5.

Plaintiff brings the instant lawsuit in connection with this incident, alleging claims for negligence, malicious prosecution, assault and battery, racial discrimination, wrongful arrest and false imprisonment, and failure to adequately train and supervise. Defendants now move for summary judgment on Plaintiff's claims on the basis of qualified immunity, which shields government officials performing discretionary functions, such as police officers, from civil liability if their conduct does not violate clearly established constitutional rights. Here, Plaintiff cannot establish that Defendants violated any clearly established constitutional rights based upon the undisputed material facts. The observations of the Officers during their investigation of the fight as outlined above show they had probable cause to arrest Plaintiff for aggravated battery and thus did not violate the Fourth Amendment. Plaintiff has no evidence whatsoever that Defendants committed any other type of constitutional violation. Accordingly, Plaintiff cannot overcome Defendants' qualified immunity so Defendants are entitled to summary judgment.

## II. UNDISPUTED MATERIAL FACTS

1. In the early morning hours of November 1, 2015, Clovis Police Department Officers Brice Stacy, Brent Aguilar, Stephen Borders, Douglas Osborn, and Christopher Caron were dispatched to Kathy Drive in Clovis, New Mexico in response to complaints of a fight. *See Police Reports*, attached as **Exhibit A**.

2. The Officers investigated the incident and learned there had been a physical altercation at a party on the 700 block of Kathy Drive. *See id.*

3. Ambree Taylor-Hernandez was present near the scene of the fight when Officers arrived and at that time was crying, covered in blood, severely bleeding from the nose, and had a laceration on her nose and swollen right eye which she could not open. *See id.*; *Affidavit of Ambree Taylor-Hernandez*, attached as **Exhibit B**, at ¶¶ 3-5.

4. Plaintiff Seibenthauler Lodge ("Plaintiff") was also present near Ms. Taylor-Hernandez when Officers arrived at the scene with blood on his clothing and an abrasion on the back of his right hand. *See Affidavit of Ambree Taylor-Hernandez*, attached as **Exhibit B**, at ¶ 6; *Criminal Complaint Against Plaintiff*, attached as **Exhibit C**; *Police Reports*, attached as **Exhibit A**, at p. 5.

5. Ms. Taylor-Hernandez spoke with the investigating Officers, was asked on several different occasions by several different Officers for the identity of the person who had punched her and each time, identified Plaintiff, who was also present at the scene of the investigation. *See Affidavit of Ambree Taylor-Hernandez*, attached as **Exhibit B**, at ¶ 6.

6. Officers noticed that Ms. Taylor-Hernandez was covered in blood, bleeding severely from her nose, with a laceration on her nose, and that Plaintiff had blood on his clothing

and an abrasion on the knuckles of his right hand consistent with punching an object. *See Criminal Complaint Against Plaintiff*, attached as **Exhibit C**; *Police Reports*, attached as **Exhibit A**.

7. The Officers investigating the incident also noticed significant amounts of blood in the driveway of the house where the fight had occurred. *See Police Reports*, attached as **Exhibit A**, at pp. 4, 8.

8. Ms. Taylor-Hernandez told Officer Borders she saw stars after being hit in the face twice by Plaintiff. *Id.* at p. 7.

9. Based upon their observations during the investigation and Ms. Taylor-Hernandez's statements to them that Plaintiff had punched her in the face twice, Officers Brice Stacy and Stephen Borders made the decision to arrest Plaintiff on a charge of misdemeanor aggravated battery. *See id.* at pp. 3, 7; *Criminal Complaint Against Plaintiff*, attached as **Exhibit C**.

10. After speaking with the investigating Officers, Ms. Taylor-Hernandez was transported to Presbyterian Hospital in Clovis, New Mexico where she was diagnosed with right eye trauma, a facial contusion, a nasal laceration, a subarachnoid hemorrhage, and nasal fractures. *Affidavit of Ambree Taylor-Hernandez*, attached as **Exhibit B**, at ¶ 7; *Relevant Medical Records of Ambree Taylor-Hernandez*, attached as **Exhibit D**.

11. Presbyterian Hospital found these conditions sufficiently serious to have Ms. Taylor-Hernandez flown to the trauma center at UMC Health System in Lubbock, Texas on November 1, 2015 for further evaluation, diagnosis, and treatment. *Affidavit of Ambree Taylor-Hernandez*, attached as **Exhibit B**, at ¶ 8; *Relevant Medical Records of Ambree Taylor-Hernandez*, attached as **Exhibit D**.

12. Plaintiff now asserts claims against Defendants for negligence, malicious prosecution, assault and battery, racial discrimination, wrongful arrest and false imprisonment, and failure to adequately train and supervise in connection with this incident. *See Complaint for Negligence, Malicious Prosecution, Assault and Battery, Racial Discrimination, Wrongful Arrest, and False Imprisonment* (hereinafter "Complaint").

13. Defendants move for summary judgment on the basis of qualified immunity.

### III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Norton v. City of Marietta*, 432 F.3d 1145, 1152 (10th Cir. 2005). An issue is "genuine" only if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003). An issue of fact is "material" only if "under the substantive law it is essential to the proper disposition of the claim." *Id.*

The movant bears the initial burden of showing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Thom*, 353 F.3d at 851. The movant can meet its burden by simply pointing out the lack of evidence to support an essential element of the nonmovant's claim. *Id.* If the movant meets its burden, "the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the

event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citing Fed. R. Civ. P. 56(e)).

## IV. ARGUMENT

### A. Defendants Were Acting in Their Official Capacities During the Subject Incident So Have Qualified Immunity, Which Cannot Be Overcome.

The doctrine of qualified immunity recognizes the "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Sisneros v. Fisher*, 685 F. Supp. 2d 1188, 1201 (D. N.M. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)); *see also Wilkins v. DeReyes*, 528 F.3d 790, 796 (10th Cir. 2008) ("Qualified immunity shields public officials 'from undue interference with their duties and from potentially disabling threats of liability.'") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982)). Consistent with those policies, qualified immunity shields government officials performing discretionary functions, such as police officers, from civil liability if their conduct does not violate clearly established constitutional rights. *See Stewart v. City & County of Denver*, 2000 U.S. App. LEXIS 1516, *5 (10th Cir. 2000). To overcome qualified immunity, the plaintiff has the heavy burden of establishing that: (1) The defendant violated a constitutional right; and (2) the constitutional right violated was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation." *See Wilkins*, 528 F.3d at 796-97; *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

Here, Defendants are public law enforcement entities and officials and were acting in their official capacities at all times relevant to Plaintiff's claims in this case, so have qualified immunity for those claims. *See Police Reports*, attached as **Exhibit A**; *Affidavit of Ambree Taylor-Hernandez*, attached as **Exhibit B**; *Stewart*, 2000 U.S. App. LEXIS 1516 at *5. Furthermore, Plaintiff has no

basis to overcome that immunity. He may try to overcome Defendants' qualified immunity by arguing Defendants violated his Fourth Amendment rights, but as will be discussed below, this argument would lack merit.

The Fourth Amendment of the United States Constitution protects individuals from unreasonable searches and seizures. *See* U.S. Const. amend. IV; *United States v. Holt*, 264 F.3d 1215, 1220 (10th Cir. 2001). However, a warrantless arrest is reasonable, lawful, and not in violation of the Fourth Amendment if the arresting officer has probable cause to believe that the person arrested has committed a crime. *See Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Id.* (quoting *Jones v. City and County of Denver*, 854 F.2d 1206, 1210 (10th Cir. 1988)). Even police officers who "reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224 (1991) and *Anderson v. Creighton*, 483 U.S. 635 (1987)).

Here, Defendant Officers Brice Stacy and Stephen Borders arrested Plaintiff on a charge of misdemeanor aggravated battery. *See Police Reports*, attached as **Exhibit A**, at pp. 3, 7; *Criminal Complaint Against Plaintiff*, attached as **Exhibit C**. In New Mexico, "[a]ggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another." NMSA § 30-3-5. New Mexico law further provides, "Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, *but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body*, is guilty of a misdemeanor." *Id.* (emphasis added).

Officers Stacy and Borders made the decision to arrest Plaintiff for misdemeanor aggravated battery after conducting a thorough investigation of the fight, including observing the following: (1) Ambree Taylor-Hernandez near the scene of the fight crying, covered in blood, severely bleeding from her nose, with a laceration on her nose and a swollen right eye that she could not open; (2) Plaintiff also near the scene of the fight and near Ms. Taylor-Hernandez with blood on his clothes and an abrasion on the knuckles of his right hand consistent with punching an object; (3) Ms. Taylor-Hernandez repeatedly telling the Officers that her condition was caused by Plaintiff punching her in the face multiple times; (4) Ms. Taylor-Hernandez telling Officers she was punched so hard she saw stars; and (5) significant amounts of blood in the driveway near the scene of the fight. *See Police Reports*, attached as **Exhibit A**; *Affidavit of Ambree Taylor-Hernandez*, attached as **Exhibit B**; *Criminal Complaint Against Plaintiff*, attached as **Exhibit C**.

The foregoing evidence was reasonably trustworthy, based on the personal observations and knowledge of the Defendant Officers, and in combination established the elements of misdemeanor aggravated battery and thus probable cause to arrest Plaintiff for this crime. *See supra*; NMSA § 30-3-5; *Romero*, 45 F.3d at 1476. Probable cause is an objective, "reasonable person" standard. *See Romero*, 45 F.3d at 1476. Thus, the analysis turns on whether Defendant Officers Borders and Stacy had an objective basis to arrest Plaintiff for misdemeanor aggravated battery. *See id.* The evidence outlined above clearly establishes that objective basis. *See supra*. Accordingly, Officer Borders arrested Plaintiff for misdemeanor aggravated battery and did so reasonably, lawfully, and not in violation of the Fourth Amendment. *See Romero*, 45 F.3d at 1476 ("We analyze the constitutionality of a warrantless arrest under the probable cause standard . . . . A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime."). Thus,

Plaintiff cannot negate Defendants' qualified immunity on the basis of a Fourth Amendment violation. *See id.*; *Wilkins*, 528 F.3d at 796-97.

Plaintiff also cannot establish that Defendants committed any other type of constitutional violation. Although Plaintiff alleges Defendants discriminated against him on the basis of his race, he cannot support such a claim. *See Complaint for Negligence, Malicious Prosecution, Assault and Battery, Racial Discrimination, Wrongful Arrest, and False Imprisonment* ("Complaint"). There is no evidence of racial discrimination by Defendants or that Defendants were even aware of Plaintiff's race at the time of his arrest in the early morning hours when it was still dark. *See Police Reports*, attached as **Exhibit A**. Regardless, Plaintiff was the only possible suspect and appeared quite strongly to have severely beaten the victim, thus providing a compelling basis for the arrest. *See id.* The mere fact that the arresting officer and suspect are of different races cannot establish unconstitutional racial discrimination. *See Stewart*, 2000 U.S. App. LEXIS 1516 at *6-*8.

In general, the subjective intent of the defendant is not even relevant to the qualified immunity analysis. *See Crocker v. Durkin*, 159 F. Supp. 2d 1258, 1273 (D. Kan. 2001) ("Defendants are entitled to qualified immunity if their conduct was objectively reasonable in the light of clearly established law and the information which they possessed at the time of the alleged violation . . . . Evidence of malice or improper motivation does not enter into determination of qualified immunity. Defendants' subjective intent is simply irrelevant to a qualified immunity defense.") (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)); *compare Jicarilla Apache Nation v. Rio Arriba County*, 376 F. Supp. 2d 1096, 1099 (D. N.M. 2004) (discussing that where subjective intent is an element of the alleged constitutional violation, "First, Defendants must make a prima facie showing of the objective reasonableness of the challenged conduct. If Defendants meet their burden of showing objective reasonableness, we next consider whether the [Plaintiff] satisfied the burden of

presenting evidence Defendants acted on the basis of a culpable subjective state of mind.") (quoting *McCook v. Springer School District*, 44 Fed. Appx. 896, 905 (10th Cir. 2001 (unpublished)).

Where subjective intent may be relevant to the analysis, the plaintiff must come forth with specific evidence of improper motivation by the defendant once the defendant has established an objectively reasonable basis for his disputed actions. *See Lewis v. Ft. Collins*, 903 F.2d 752, 755, 758 (10th Cir. 1990). However, Plaintiff cannot do so in this case. As discussed, the Defendant Officers had an objectively reasonable basis for their arrest of Plaintiff. The evidence shows that Plaintiff was arrested for misdemeanor aggravated battery not because of his race or some other improper reason, but rather because of the objective circumstances observed by the Defendant Officers at the scene of the incident, most notably the victim's repeated and unequivocal identifications of Plaintiff as the culprit, the victim's bloodied, battered, and severely injured face which required multiple hospitalizations, and Plaintiff's presence at the scene with bloodied clothing and injured right knuckles. Given the circumstances, Plaintiff was the only possible suspect for an apparently egregious crime. Defendants did not have, for example, two possible suspects of different races of whom they chose to arrest one. The arrest was made on the basis of objective evidence regardless of race so Plaintiff cannot establish unconstitutional racial discrimination. *See supra*.

In sum, all of Plaintiff's claims in this case arise from Defendants' conduct while lawfully carrying out their official law enforcement duties so must be dismissed on summary judgment. *See supra*; *Complaint*; *Stewart*, 2000 U.S. App. LEXIS 1516 at *5 ("The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1190 (10th Cir. 1999)); *Thom*, 353 F.3d at 851 ("Summary judgment is proper if the movant demonstrates that

there is 'no genuine issue as to any material fact' and that it is 'entitled to a judgment as a matter of law.'") (quoting Fed. R. Civ. P. 56(c)). Furthermore, Defendants City of Clovis and the Clovis Police Department as governmental entities cannot be liable for constitutional violations where there is no underlying constitutional violation by any of their Officers. *See Jicarilla Apache Nation*, 376 F. Supp. 2d at 1099 (citing *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)); *supra.*

## V. PRAYER FOR RELIEF

WHEREFORE Defendants City of Clovis, Clovis Police Department, Officer Amanda Boren, Officer Brice Stacy, Officer Brent Aguilar, and Officer Stephen Borders (collectively "Defendants") request that this Court grant their Motion for Summary Judgment on the Basis of Qualified Immunity, order that all claims asserted by Plaintiff in this matter are dismissed with prejudice, order Plaintiff to pay the costs and fees Defendants incur in bringing this motion, and order any other and further relief this Court deems just.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Gregory L. Biehler*
    Gregory L. Biehler
    8801 Horizon Blvd. NE, Suite 300
    Albuquerque, NM  87113
    Phone: 505-828-3600
    Fax: 505-828-3900
    Greg.Biehler@lewisbrisbois.com
    *Attorneys for Defendants City of Clovis,*
    *Clovis Police Department, Officer Amanda*
    *Boren, Officer Brice Stacy, Officer Brent*
    *Aguilar, and Officer Stephen Borders*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed with the Court causing Counsel for the Plaintiff to be electronically served this 19th day of March, 2018, as follows:

Daniel R. Lindsey
Lindsey Law Firm, LLC
920 Mitchell Street
Clovis, NM  88101
575-763-8900
danlindsey@suddenlink.net

*/s/ Gregory L. Biehler*
Gregory L. Biehler

4820-1512-4318.9