IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SIEBENTHAULER LODGE,

    Plaintiff,

vs.

CITY OF CLOVIS, CLOVIS POLICE
DEPARTMENT, OFFICER BRENT AGUILAR,
OFFICER BRICE STACY, OFFICER STEPHEN
BORDERS, OFFICER AMANDA BOREN,
OFFICER CHRISTOPHER CARON, OFFICER
DOUGLAS OSBORN, AND OFFICER
CHRISTIAN TOWNSEND, in their individual and
Official Capacities,

    Defendants.

Case No. 2:17-cv-01180 SMV KRS

## PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF QUALIFIED IMMUNITY

**COMES NOW** Plaintiff Seibenthauler Lodge, by and through Counsel of record, Lindsey Law Firm, LLC, Daniel R. Lindsey, and for his Response to Motion for Summary Judgment on the Basis of Qualified Immunity, states:

### DISPUTED MATERIAL FACTS

1.    Plaintiff disputes the allegations set forth in alleged undisputed fact 5 of Defendants' Motion, that it was Plaintiff who struck Ambree-Taylor Hernandez. Plaintiff has submitted an Affidavit in support of his Response in which he denies ever striking Ambree Taylor-Hernandez, and that he wore a black and white jail uniform as a costume at the party where the incident took place. *Affidavit of Seibenthaler Lodge*, attached as Exhibit 1, ¶ 2 and 3. There was substantial evidence presented to Sgt. Stephen Borders by other police officers investigating the incident,

- 1 -

and who interviewed witnesses, that Ambree-Taylor Hernandez had identified a different person as the individual who struck her in the face. Officer Brent Aguilar was informed at the scene of the incident by Ambree's sister, Lunden Taylor-Hromas, that Ambree had told her it was a man in a pink unicorn costume who had started the fight by hitting her in the face. See *Police Officer Brent Aguilar's Body cam video recording,* Exhibit 2 (subpart File 0031, counter numbers at bottom of image, 7:45 through 8:14 when played on Windows Media Player) forwarded by U.S. Mail, to the United States Magistrate Judge Stephan M. Vidmar and to opposing counsel Gregory Biehler, with filing of this Response. Officer Aguilar then reported to Sgt. Borders that other persons were involved in the public fighting, *id. video* Exhibit 2(counter numbers 12:59 through 13:20) and that a man in a pink unicorn costume had reportedly hit Ambree in the face. Aguilar also suggested issuing public affray warrants to anyone involved in the public fighting, *id video* Exhibit 2 (File 0031, counter numbers 14:40 - 16:10). However, Sgt. Borders ignored this information and did nothing, as shown on the video selections noted.

A second police officer, Christopher Caron, interviewed Lunden Taylor-Hromas at the scene, and was told that her sister, the alleged victim, Ambree Taylor-Hernandez, who had blood on her face, **had told Lunden that she had been struck in the face by a man in the pink unicorn costume.** Officer Caron also talked with witnesses who said that other persons were involved in a fight. Officer Caron reported all of this information to Sgt. Borders, who did nothing except indicate that the Plaintiff would be arrested. See B*ody cam video recording of Officer Caron,* Exhibit 2 (Subpart File 0145, counter numbers at bottom of image, 11:00 through 16:40). It is undisputed that the Plaintiff was not wearing a pink unicorn costume.

Officer Christopher Caron testified under oath at the Preliminary Hearing held December 18, 2015 in Clovis Magistrate Court, on the felony Aggravated Assault charges brought against

the Plaintiff. **Officer Caron stated under oath that he was told by Lunden Taylor-Hromas that the person in the pink unicorn costume struck her sister Ambree Taylor-Hernandez in the face.** *Recording of Testimony at Preliminary Hearing*, Exhibit 3, (Subpart 20151218-1105_01d1398, time counter numbers 11:05:28 through 11:09:20. when played on The Record Player audio playback program.)

      Plaintiff has therefore established by video recordings contemporaneous with the incident, an Affidavit, and the sworn testimony of one of the Defendants, that there is competent evidence in the record that Plaintiff was not the person who struck Ambree Taylor-Hernandez in the face, and that it was another person dressed in a pink unicorn costume. This fact was reported to Sgt. Borders at the scene of the alleged incident. Therefore, Plaintiff has demonstrated there is an actual issue in dispute between the parties regarding the truthful recitation of material facts which are critical to determining the issues of negligence and wrongful arrest in this case and the violation of the Plaintiff's civil rights.

      2.     Plaintiff disputes the allegations set forth in alleged undisputed fact 6 of Defendants' Motion that the injury to Plaintiff's hand was evidence he had struck someone. There was no specific description of his hand injury, and no expert testimony that such injury was consistent with a punch to someone's face. There is a valid explanation for the abrasions to Plaintiff's hand, other than that he struck Ambree Taylor-Hernandez. In his Affidavit, Plaintiff states that he injured his hand while rescuing his wife, who was lying on the ground and was being struck by Lunden Taylor-Hromas. *Id Affidavit* of Seibenthauler Lodge, Exhibit 1, paragraph 3. Plaintiff's explanation establishes that there is a genuine issue as to the injury to his hand, contradicting alleged evidence that he punched Ambree Taylor-Hernandez.

      3.     Plaintiff disputes the allegations set forth in alleged undisputed fact 9 of

Defendants' Motion, because the decision of Sgt. Borders and Officer Brice to arrest Plaintiff was unjustified. The two police officers were not witnesses to the assault and did not possess probable cause to arrest the Plaintiff. Nevertheless, although Ambree Taylor-Hernandez made an allegation against Plaintiff, Sgt. Borders and Officer Brice ignored reports from other Police Officers who investigated the incident and interviewed witnesses, and who informed them that Ambree Taylor-Hernandez had not been struck by Plaintiff, but by another person. See *id. video* of Officer Aguilar Exhibit 1 (subpart File 0031, counter numbers 7:45 through 8:14) and *id. video* of Officer Caron Exhibit 1 (Subpart File 0145, counter numbers 11:00 through 16:40), and testimony of Officer Caron, *id. Recording of Testimony at Preliminary Hearing,* Exhibit 2 (Subpart 20151218-**1105**_01d1398, time counter numbers 11:05:28 through 11:09:20.) To ignore exculpatory evidence and proceed only upon Sgt. Borders' first impression after speaking with Ambree Taylor Hernandez, establishes that there was an unresolved issue as to the truthfulness of the information used by Defendants Sgt. Borders and Officer Brice to justify the arrest of Plaintiff.

   4. Plaintiff disputes the allegations set forth in allegedly undisputed facts number 13 of Defendants' motion, which states that Defendants are entitled to summary judgment on the basis of qualified immunity for the claims of negligence, malicious prosecution, assault and battery, racial discrimination, wrongful arrest and false imprisonment and violation of 42 USC 1983. Defendants presented facts only with respect to the claims of negligence and wrongful arrest of Seibenthauler Lodge. In response, Plaintiff has demonstrated that there are valid issues of material facts which contradict Defendants' proposed facts, and which support Plaintiff's claims for negligence and wrongful arrest. Under these circumstances, Defendants have no right to summary judgment.

It is important to note that Defendants have not presented any material facts whatsoever for which they contend no genuine issue exists, which contradict Plaintiff's claims for false imprisonment, malicious prosecution, assault and battery, racial discrimination, and failure to adequately train and supervise. The only factual content of Defendants' motion relates to the grounds for arrest of Seibenthauler Lodge as the person who struck Ambre Taylor-Hernandez, which Plaintiff disputes. Defendants cannot claim they are entitled to summary judgment where they provide no evidence that there are other factual issues which are undisputed. A mere allegation that there is no evidence is not an assertion of facts upon which to base summary judgment.

## ARGUMENT

The doctrine of qualified immunity cannot be used to shield police officers when they violate a constitutional right of a defendant which is clearly established and about which they are well informed. "[Q]ualified immunity is unwarranted when a plaintiff can overcome a two-part burden: plaintiff (1) "must . . . establish that the defendant violated a constitutional right" and (2) "must then show that the constitutional right was clearly established, such that it would be clear to a reasonable officer that his conduct was unlawful in the situation." *Cortez v. McCauley*, 478 F. 3d 1108, 1114 (10th Cir. 2007). Based upon the evidence presented by Plaintiff, the Defendant Police Officers knew or should have known that they were violating established, known constitutional rights of the Plaintiff.

The arrest of Plaintiff without probable cause clearly violated the Plaintiff's Fourth Amendment right to be free of a warrantless arrest unless there is probable cause for such arrest. "We analyze the constitutionality of a warrantless arrest under the probable cause standard." *Romero v. Fay*, 45 F. 3d 1472, [4] (10th Cir. 1995.) "Probable cause exists if facts and

circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Jones v. City and County of Denver,* 854 F.2d 1206 at 1208-10 (10th Cir.1988). However, there was substantial evidence presented to Sgt. Stephen Borders and Officer Brice Stacy, that someone other than Plaintiff had assaulted Ambree Taylor-Hernandez. Not only does Seibenthauler Lodge deny ever striking Ambree Taylor-Hernandez, (See Affidavit of Seibenthauler Lodge, Exhibit 1, paragraph 3); but two police officers received verbal information from the sister of Ambree that she was attacked by a different person wearing a pink unicorn costume and this information was known to Sgt Borders, who authorized Plaintiff's arrest. See *Body cam video* of Officer Aguilar Exhibit 2 (subpart File 0031, counter numbers 7:45 through 8:14 and (counter numbers 12:59 through 13:20)) and *Body cam video* of Officer Caron Exhibit 2 (Subpart File 0145, counter numbers 11:00 through 16:40); also see testimony of Officer Caron, *Recording of Testimony at Preliminary Hearing,* Exhibit 3 (Subpart 20151218-1105_01d1398, time counter numbers 11:05:28 through 11:09:20.) Sgt. Borders and Officer Stacy did not even consider or respond to the fact that they had received exculpatory evidence. Plaintiff contends this was done intentionally as Defendant Borders refers to Plaintiff on scene as "this mother fucker." The use of such disparaging comments demonstrates an extreme bias that clouded Officer Borders' judgment in disregarding clearly exculpatory evidence. See Borders chest cam, Exhibit 1, at Subpart File 0031, counter numbers 16:35 through 16:40.

    The officers intentionally or in the best case scenario, negligently made no effort to conduct a further investigation to determine the truth, or even delay making a decision until all witnesses could be extensively interviewed. New Mexico law has recognized the importance of

considering exculpatory evidence when determining probable cause. In *Kennedy v. Dexter Consolidated Schools*, 1998-NMCA-051, ¶47, 124 N.M. 64 the court stated that exculpatory evidence could not be ignored by a school principal investigating a theft, and to do could be considered as a lack of a substantial basis for believing the suspect to be guilty.  In *Jones v. Murdoch*, 2009-NMSC-002, (paragraph notation unclear), 145 N.M. 473 the court focused on the importance of exculpatory evidence to a probable cause finding in a grand jury proceeding. "As New Mexico's grand jury statutes—including the Legislature's most recent enactment, NMSA 1978, Section 31-6-11 (B) (1969, as amended through 2003)—recognize, fundamental to a reliable indictment is a fair presentation of the evidence upon which the State asks the grand jury to indict, and the withholding of potentially exculpatory evidence strikes at the very heart of the grand jury's assessment of probable cause to indict."  If it is recognized that failure of the grand jury to consider exculpatory evidence compromises an evaluation of probable cause, it must hold true that a police officer making an arrest, who fails to investigate or consider exculpatory evidence, known to him at the scene of the crime and before the suspect is removed to a secure facility, also fails to properly determine probable cause.  See e.g. *State v. Chakerian*, 2015-NMCA-052, 348 P.3d 1027, which held that failure to permit a defendant arrested for DWI to have a blood test which might prove exculpatory, was an unlawful due process violation of Section 66-8-109(B) NMSA 1978 which allows a motorist to have a voluntary blood test.  The decision to arrest the Plaintiff was made without probable cause, and was a constitutional violation of which the arresting officers must have had clear knowledge, since it is a well-established fundamental law enforcement concept.

It was also negligent not to conduct an investigation of exculpatory evidence.  An arrest without probable cause is a wrongful arrest, and qualified immunity protection should not be

afforded to the arresting officers under such circumstances. Therefore, Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity should be denied, because there is an actual issue of material fact regarding the basis for the arrest of Plaintiff, and the wrongful arrest of Plaintiff without probable cause is an established constitutional violation, well known to Police Officers, which negates their claim for protection under Qualified Immunity. New Mexico Tort Claims Act, §41-4-12 NMSA 1978, establishes police liability for negligence resulting in a false arrest, *Weinstein v. City of Santa Fe, et al.*, 1996-NMSC-021, ¶21, 121 N.M. 646.

.

With respect to Defendants failure to present any material facts whatsoever for which they contend no genuine issue exists, which allegedly contradict Plaintiff's claims for false imprisonment, malicious prosecution, assault and battery, racial discrimination, and failure to adequately train and supervise, the Defendants have not fulfilled the requirements of Federal Rule of Civil Procedure Rule 56(a) and 56(c)(1)(A), and Local Rule of the New Mexico District Court 56.1(b), which are necessary in order to present a motion for summary judgment.

Federal Rule of Civil Procedure 56(a) provides that ...."The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Rule continues under (c)(1) "Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by : (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only, admissions, interrogatory answers, or other materials;..." In the subject case, the Defendants do not show that there any material facts which

they claim are not in dispute, and for which they reference materials in the record, with respect to false imprisonment, malicious prosecution, assault and battery, racial discrimination, and failure to adequately train and supervise. Furthermore, Local District Court Rule of Civil Procedure 56.1 requires under (b) **"Statement of Material Facts**. The moving party must file with the motion a written memorandum containing a short, concise statement of the reasons in support of the motion with a list of authorities relied upon (the "Memorandum")....The Memorandum must set out a concise statement of all the material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portion of the record upon which the movant relies."

The Defendants have not provided a memorandum containing a concise statement of their reasons in support of their motion for summary judgment, with authorities, for any of the causes of action comprising false imprisonment, malicious prosecution, assault and battery, racial discrimination, and failure to adequately train and supervise. Nor have they set out a concise statement of all the material facts as to which they contend no genuine issue exists. There are no numbered facts and there are no references to the record with respect to the causes of action comprising false imprisonment, malicious prosecution, assault and battery, racial discrimination, and failure to adequately train and supervise. There is only an unsupported statement that there is no issue as to any material fact and no constitutional violation.

In light of the failure of Defendants to comply with the Federal Rule 56, and Local Rule 56.1, with respect to alleged undisputed facts and authorities, to support their Motion for Summary Judgment regarding false imprisonment, malicious prosecution, assault and battery, racial discrimination, and failure to adequately train and supervise, the Motion should be denied.

## CONCLUSION

For the reasons set forth above in this Response, Plaintiff requests that the Court deny the Defendants' Motion to Dismiss on the Basis of Qualified Immunity with prejudice, and allow discovery and prosecution of the case by Plaintiff to continue.

>
> Respectfully Submitted,
> LINDSEY LAW FIRM, LLC
>
>
> /s/Daniel R. Lindsey
> Daniel R. Lindsey
> 920 Mitchell Street
> Clovis, NM 88101-5816
> Telephone (575) 763-8900
> Facsimile (575) 763-8900
> E-mail: danlindsey@suddenlink.net
> ***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court causing Counsel for the Defendants to be electronically served this 2nd day of April, 2018, as follows:

Gregory L. Biehler
Lewis Brisbois Bisgaard & Smith LLP
8801 Horizon Blvd. NE, Suite 300
Albuquerque, NM 87113
(505) 828-3600
(505) 828-3900 fax


 /s/Daniel R. Lindsey
Lindsey Law Firm, L.L.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SEIBENTHAULER LODGE,

    Plaintiff,

vs.

CITY OF CLOVIS, CLOVIS POLICE
DEPARTMENT, OFFICER BRENT AGUILAR,
OFFICER BRICE STACY, OFFICER STEPHEN
BORDERS, OFFICER AMANDA BOREN,
OFFICER CHRISTOPHER CARON, OFFFICER
DOUGLAS OSBORN, AND OFFICER
CHRISTIAN TOWNSEND, in their individual and
Official Capacities,

    Defendants.

Case No. 2:17-cv-01180 SMV KRS

## AFFIDAVIT OF SEIBENTHAULER LODGE

I, Seibenthauler P. Lodge, being duly sworn, state under penalty of perjury under Federal and New Mexico State law, that the following statements are true and correct:

1. I am 35 years of age and a Technical Sergeant assigned to the 27th Civil Engineer Squadron at Cannon Air Force base, Clovis New Mexico.

2. On October 31, 2015, my wife, Renae Lilly and I attended a Halloween party on Kathy Drive. I was wearing a black and white striped jail-type uniform as a costume. Approximately early morning a.m., on November 1, 2015, my wife and I began our departure from this party when suddenly I was attacked by Ambree Taylor-Hernandez. I received two swift jabs to the side of my face, and I put both hands outward, parallel to the ground to avoid any other blows. While I was receiving the first jabs from Ambree, her sister Lunden Taylor-Hromas, assaulted my wife, who immediately fell to the ground. I was also struck by Lunden, who then returned to my wife, who was still on the ground, and hit her again a number of times.

3. I made an attempt to assist my wife and help her to her feet to evade the attack. In doing so, I scraped my hand on the pavement. I was then struck on my left face by an individual identifying himself as Lunden's husband. The home owner, Trevor Kitrell, placed himself between the two sisters to help my wife who was still lying on the ground. His actions allowed my wife to rise to her feet and she was able to escape the attack. My

- 1 -


PETITIONER'S EXHIBIT 1

wife and I proceeded to our vehicle which was parked to the east, several houses down from the incident address, when sirens grew closer. At no time did I ever strike Ambree Taylor-Hernandez in the face or any other part of her body.

4. Although we were eager to enter the safety of our vehicle and depart, it was evident that the sirens in the distance were police units on their way to the incident. As the first police vehicle arrived, Ambree approached the officer prior to me having the ability to make a statement, convincing him that I assaulted her. He placed me in handcuffs. I was subsequently taken to the Clovis Police Department and incarcerated for approximately ten hours.

5. I was originally charged in a Criminal Complaint on November 2, 2015, with misdemeanor aggravated assault. However, the next day, the arresting officers Sgt. Stephen Borders and Police Officer Brice Stacy changed the charges to felony aggravated assault without any new facts being added to the Criminal Complaint. I believe this was an attempt to have me subjected to greater jail time from one year to three years due to the felony charge.

6. I was the only African-American person at the party at the time of the incident. I have observed a police body cam video of Sgt. Borders, who refers to me as "That motherfucker", even though I was entirely courteous when speaking to him. I also observed that night that other persons engaged in fighting when the party broke up. However, Sgt. Borders made no attempt to arrest anyone else but me. I believe I was singled out due to my being African-American, and I was treated differently from the other persons who engaged in violent actions on the night of the party by being subjected to criminal charges.

7. A preliminary felony hearing was held on December 18, 2015 in Clovis Magistrate Court. Ambree Taylor-Hernandez testified, as did my wife and several of the police officers who investigated the case. At the end of the hearing, Judge Hall dismissed the charges for failure to prove that there was probable cause to make an arrest.

## VERIFICATION

STATE OF NEW MEXICO)
                              ) ss.
COUNTY OF CURRY    )

     **SEIBENTHAULER LODGE,** being first duly sworn under oath, alleges and states that he is the Plaintiff in the above and foregoing Affidavit, and he has read said instrument and knows the contents, matters, and facts therein contained are true and correct to the best of his knowledge and belief.

_____
**SEIBENTHAULER LODGE**

**ACKNOWLEDGED, SUBSCRIBED AND SWORN TO** before me, a Notary Public, this 2nd day of April, 2018, by **SEIBENTHAULER LODGE**

_____
**NOTARY PUBLIC**

My commission expires: July 17, 2021

(SEAL)

- 3 -