IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SEIBENTHAULER LODGE,

      Plaintiff,

                                    No. 2:17-cv-01180-MV-KRS

v.

CITY OF CLOVIS, CLOVIS POLICE
DEPARTMENT, BRENT AGUILAR, Officer,
BRICE STACY, Officer, STEPHEN BORDERS,
Officer, AMANDA BOREN, Officer, CHRISTOPHER
CARON, Officer, DOUGLAS OSBORN, Officer,
CHRISTIAN TOWNSEND, Officer, in their individual
and official capacities,

      Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND STAYING DISCOVERY PENDING RESOLUTION OF DEFENDANTS' ENTITLEMENT TO QUALIFIED IMMUNITY

**THIS MATTER** comes before the Court on Defendants' motion to stay discovery pending a ruling on Defendants' entitlement to qualified immunity. (Doc. 20). Having reviewed the parties' submissions, including Plaintiffs' response in opposition (Doc. 22), and considered the applicable law, the Court grants Defendants' motion and stays discovery until such time as the Presiding Judge adjudicates Defendants' motion for summary judgment.[1]

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," which is "effectively lost if a case is erroneously permitted to go to trial." *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). Consequently, questions concerning the doctrine's application should be resolved at the "earliest possible stage of in litigation." *Id.* While

---

[1] The Court determines that the matter is ready for ruling even though the time for filing a reply has not elapsed. *Scott v. Dona Ana County Comm'rs*, 2012 U.S. Dist. LEXIS 47273, *48 (D.N.M Mar. 28, 2012) (explaining that a court need not await the filing of reply before ruling).

the Court undertakes the immunity analysis, the movant is normally entitled to a stay of discovery. *See id.* Here, Plaintiff recognizes this practicality, but contends that he needs "the sworn factual statement of Defendants to use as verified proof of fact to support Plaintiff's cause of action." (Doc. 22). In other words, Plaintiff asks "[t]he Court to make an exception to the general rule and permit discovery to proceed . . . until such time as Plaintiff has verified responses to written discovery and deposition testimony of Defendants." (*Id.*)

To be an exception to the general rule, however, Plaintiff is required to show "how discovery . . . will raise a genuine fact issue as to the defendants' qualified immunity claim." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994). Plaintiff has not done so here.[2] Even if Plaintiff had the referenced "sworn factual statements," whatever those might be, Plaintiff fails to explain how the documents would create a triable issue that Defendants deprived Plaintiff of a clearly established constitutional right. *See Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (requiring the plaintiff to "demonstrate a connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion"). Tellingly, Plaintiff did not argue in response to the motion for summary judgment that he lacked discovery or that discovery would yield proof of a necessary element of a constitutional violation. The Court therefore concludes Plaintiff has not made the requisite showing necessary to avoid a stay of discovery. *See id.* (citation omitted) ("[I]t is insufficient . . . to merely assert that additional discovery is required to demonstrate a factual dispute.").

---

[2] Normally, a plaintiff resisting a stay of discovery on the basis of a defendant's assertion of qualified immunity at the summary judgment stage would attempt to make that showing in conformance with Federal Rule of Civil Procedure 56(d), which requires an affidavit or declaration shoring up the *specific* reasons why Plaintiff cannot respond to a motion for summary judgment. It does not appear Plaintiff followed that Rule in responding to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion to stay (Doc. 20) is **GRANTED**. Discovery is stayed until such time as the Court resolves the motion for summary judgment.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE