IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SEIBENTHAULER LODGE,

    Plaintiff,

vs.                                                           Case No. 2:17-cv-01180 SMV KRS

CITY OF CLOVIS, CLOVIS POLICE
DEPARTMENT, OFFICER BRENT
AGUILAR, OFFICER BRICE STACY,
OFFICER STEPHEN BORDERS, OFFICER
AMANDA BOREN, OFFICER CHRISTOPHER
CARON, OFFICER DOUGLAS OSBORN, AND
OFFICER CHRISTIAN TOWNSEND, in their
Individual and Official Capacities,

    Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF QUALIFIED IMMUNITY**

        COME NOW Defendants City of Clovis, Clovis Police Department, Officer Amanda Boren, Officer Brice Stacy, Officer Brent Aguilar, and Officer Stephen Borders (collectively "Defendants"), by and through their attorneys of record Lewis Brisbois Bisgaard & Smith, LLP (by Gregory L. Biehler), with their Reply in Support of Motion for Summary Judgment on the Basis of Qualified Immunity, which states as follows:

**I. RESPONSE TO PLAINTIFF'S ALLEGED GENUINE ISSUES OF MATERIAL FACT**

        In his Response to Defendant's Motion for Summary Judgment on the Basis of Qualified Immunity ("Response"), Plaintiff Seibenthauler Lodge ("Plaintiff") asserts that only Defendant's listed undisputed material facts 5-6, 9, and 13 are disputed. *See Response*, pp. 1-5. Accordingly, all other listed undisputed material facts in the Motion for Summary Judgment are undisputed. *See*

1

Local Rule of Civil Procedure for U.S. District Court for the District of New Mexico 56.1(b) ("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted."). Even Plaintiff's alleged disputes of material fact are not genuine, not material, and/or do not actually involve facts, so cannot prevent summary judgment for Defendants, as discussed further below. *See infra*.

Defendants' undisputed material fact no. 5 states, "Ms. Taylor-Hernandez spoke with the investigating Officers, was asked on several different occasions by several different Officers for the identity of the person who had punched her and each time, identified Plaintiff, who was also present at the scene of the investigation." *Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity* ("Motion"), p. 3. With respect to this fact, Plaintiff only claims that he "disputes the allegations set forth in alleged undisputed fact 5 of Defendants' Motion, that it was Plaintiff who struck Ambree-Taylor Hernandez." *See Response*, p. 1. However, Plaintiff misconstrues this fact and does not raise a genuine factual dispute. Defendants never assert that Plaintiff struck Ambree-Taylor Hernandez. *Motion*, p. 3. Rather, Defendants assert that Ms. Taylor-Hernandez repeatedly *told them* that Plaintiff had punched her, and that Plaintiff was present at the scene of the investigation. *Id.* Plaintiff does not dispute these facts and thus does not raise a genuine issue as to Defendants' fact no. 5. *See Response*, pp. 1-3.

Defendants' undisputed material fact no. 6 states, "Officers noticed that Ms. Taylor-Hernandez was covered in blood, bleeding severely from her nose, with a laceration on her nose, and that Plaintiff had blood on his clothing and an abrasion on the knuckles of his right hand consistent with punching an object." *Motion*, pp. 3-4. With respect to this fact, Plaintiff only claims that he "disputes the allegations set forth in alleged undisputed fact 6 of Defendants' Motion that the injury to Plaintiff's hand was evidence he had struck someone." *See Response*, p. 3. Plaintiff proceeds to

2

acknowledge that Plaintiff did, in fact, have abrasions on his hand, but that "[t]here is a valid explanation for the abrasions to Plaintiff's hand, other than that he struck Ambree Taylor-Hernandez." *Id.* Once again, Plaintiff misconstrues Defendants' alleged facts and fails to raise a genuine factual dispute. Although there are multiple possible explanations for the abrasions on Plaintiff's hand, one possible explanation is that Plaintiff had punched an object, especially considering he had just been involved in a fight. *See Exhibit A to Defendants' Motion for Summary Judgment*. Therefore, the abrasions on Plaintiff's hand could be consistent with his punching of an object, which was the conclusion reached by Defendant Officer Brice Stacy. *See id.*; *Exhibit C to Defendants' Motion for Summary Judgment*. Defendants do not assert the abrasions were definitely caused by Plaintiff punching an object or that there are no other possible explanations for the abrasions, but only that the abrasions were consistent with Plaintiff punching an object. *Motion*, pp. 3-4. Plaintiff fails to raise a genuine dispute as to this fact. *See Response*, p. 3.

Defendants' undisputed material fact no. 9 states, "Based upon their observations during the investigation and Ms. Taylor-Hernandez's statements to them that Plaintiff had punched her in the face twice, Officers Brice Stacy and Stephen Borders made the decision to arrest Plaintiff on a charge of misdemeanor aggravated battery." *Motion*, p. 4. With respect to this fact, Plaintiff only claims that he "disputes the allegations set forth in alleged undisputed fact 9 of Defendants' Motion, because the decision of Sgt. Borders and Officer Brice to arrest Plaintiff was unjustified." *See Response*, pp. 3-4. However, Defendants do not state in their fact no. 9 that the Officers' decision was justified. *Motion*, p. 4. That is a legal conclusion, not a fact. Therefore, Plaintiff does not raise a genuine dispute as to Defendants' fact no. 9.

Defendants' undisputed material fact no. 13 states, "Defendants *move* for summary judgment on the basis of qualified immunity." *Motion*, p. 5 (emphasis added). Plaintiff falsely claims this fact

asserts Defendants are *entitled* to summary judgment, and disputes the fact on that basis. *See id.*; *Response*, p. 4. Plaintiff cannot dispute that Defendants have moved for summary judgment so cannot raise a genuine issue as Defendants' fact no. 13.

In sum, none of Defendants' undisputed material facts are genuinely disputed so Defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Norton v. City of Marietta*, 432 F.3d 1145, 1152 (10th Cir. 2005). As will be discussed further below, the additional facts Plaintiff raises in his Response, most notably the statements given by the victim's sister, cannot prevent summary judgment for Defendants. The repeated assertions of the victim to the Defendant Officers that Plaintiff had punched her reasonably became the dispositive evidence, and trumped the victim's sister's conflicting statement of what the victim told the sister about the punching. Clearly a person's direct account of an event is more reliable than another's account of what that person told the other about the event. It was reasonable for the Defendant Officers to rely upon Ms. Taylor-Hernandez's first-hand statements about the punching, in combination with other corroborating evidence at the scene of the fight, to arrest Plaintiff for misdemeanor aggravated battery. The Officers had probable cause and none of the additional facts presented by Plaintiff demonstrate a lack of probable cause.

## II. ARGUMENT

In his Response, Plaintiff first argues the Defendant Officers lacked probable cause for their arrest of Plaintiff. *See Response*, pp. 5-6. Plaintiff asserts "there was substantial evidence presented to Sgt. Stephen Borders and Officer Brice Stacy, that someone other than Plaintiff had assaulted Ambree Taylor-Hernandez." *Id.* at p. 6. In essence, this "substantial evidence" claimed by Plaintiff was Ambree Taylor Hernandez's sister's statement that Ms. Taylor-Hernandez told the sister that someone in a pink uniform costume punched her. *See id.* at pp. 5-6. However, Ms. Taylor-

Hernandez's sister told Officer Caron during the investigation, "I did not see who hit my sister. No, I cannot say I did." *Exhibit 2 to Plaintiff's Response* (Subpart File 0145, starting at 11:59). In fact, the victim's sister was not even present in the house when the fight occurred. *Id.* starting at 14:57. Consistent with these facts, Officer Caron stated during his testimony at the Preliminary Hearing, "I received information, *third-party information* that a person in a pink uniform hit Ambree in the face." *Exhibit 3 to Plaintiff's Response* (Subpart 20151218-1105_01d1398, starting at 11:06:59).

The sister's statement quickly became irrelevant during the investigation when Ambree Taylor-Hernandez herself told the Officers repeatedly that *Plaintiff* had punched her. *See Exhibit A to Defendants' Motion*. Clearly a witness's direct account of an event (in this case the punching of Ms. Taylor-Hernandez) must trump another's account of what the witness told the other about the event. The former is direct evidence whereas the latter is hearsay. The sister was clearly mistaken about Ms. Taylor-Hernandez's statement to her about the punching as Ms. Taylor-Hernandez flatly contradicted it several times, telling the Officers repeatedly that Plaintiff punched her. *See Exhibit A to Defendants' Motion*. In sum, the sister's statement was unreliable, based on hearsay, and was trumped by Ms. Taylor-Hernandez's contradictory first-hand account of the punching, so was not truly exculpatory. *See supra*.

Even assuming the sister's statement was exculpatory, which it was not, that still does not automatically remove probable cause. There is no law to support such a proposition. Plaintiff cites three New Mexico cases to try and show that exculpatory evidence automatically defeats probable cause. *See Response*, pp. 6-7. However, not only are those state cases *not* binding on this federal court, they do not establish that principle and either way, are readily distinguishable from this case. Furthermore, one case cited by Plaintiff was overturned in part and another was overturned in full. *See infra*.

5

Plaintiff first cites *Kennedy v. Dexter Consol. Sch.*, 1998-NMCA-051, ¶ 47, 124 N.M. 764, 955 P.2d 693, which was reversed in part by *Kennedy v. Dexter Consol. Sch.*, 2000-NMSC-025, 129 N.M. 436, 10 P.3d 115. Either way, the former case cited by Plaintiff did not announce any general rule that exculpatory evidence removes probable cause, and also involved facts easily distinguishable from the instant case. *See Kennedy*, 1998-NMCA-051, ¶ 47. The Court in that case found that the principal of a high school, Principal Warren, may have lacked a substantial basis for searching a student named Ford where Warren ignored Ford's statement that Ford had not been in the classroom at the time of the alleged theft. *See id.* Not only did this case occur in the completely different context of a high school search, it also involved compelling exculpatory evidence, specifically a statement by the suspect that he was not present at the time of the alleged theft. *See id.* No remotely similar or compelling exculpatory evidence exists in this case. *Compare supra*.

Plaintiff next cites *Jones v. Murdoch (In re Grand Jury Presentation Concerning Jones)*, 2009-NMSC-002, 145 N.M. 473, 200 P.3d 523, in which the court discusses the importance of the fair presentation of evidence in the context of a *grand jury indictment*. A grand jury proceeding bears little to no similarity to a police investigation at a crime scene. The latter is far more urgent, time sensitive, chaotic, and potentially life threatening, so cannot involve the kind of careful deliberation required in the former. Therefore, *Jones* is easily distinguishable and in no way stands for the proposition that potential exculpatory evidence at a crime scene removes probable cause for the investigating officer. *See id.*

Apparently recognizing the lack of connection between *Jones* and this case, Plaintiff attempts to bridge the gap by citing *State v. Chakerian*, 2015-NMCA-052, 348 P.3d 1027, which was reversed in full by *State v. Chakerian*, 2018 N.M. LEXIS 16 (2018). Plaintiff asserts that the former case "held that failure to permit a defendant arrested for DWI to have a blood test which might prove

exculpatory, was an unlawful due process violation of Section 66-8-109(B) NMSA 1978 which allows a motorist to have a voluntary blood test." *Response*, p. 7. Not only does this case involve facts dissimilar to the instant case, but it was overturned when the New Mexico Supreme Court held that NMSA § 66-8-109(B) does not confer an "obligation on law enforcement to facilitate the arrestee in actually arranging for the [chemical] test" and accordingly decided to "reverse the Court of Appeals and affirm the metropolitan court convictions of DWI and speeding." *Chakerian*, 2018 N.M. LEXIS 16 at *2.

In sum, Plaintiff has no support for his assertion that exculpatory evidence at a crime scene removes probable cause. Either way, as discussed, there was no actual exculpatory evidence in this case. *See supra*. The comprehensive incriminating evidence uncovered by Defendants during their investigation, as outlined in Defendants' Motion for Summary Judgment, more than established probable cause to arrest Plaintiff for misdemeanor aggravated battery. *See Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity*; *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (quoting *Hunter v. Bryant*, 502 U.S. 224 (1991)) (outlining the probable cause standard and stating, "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity").

The only type of constitutional violation Plaintiff argues Defendants committed is a Fourth Amendment violation. *See Response*. Because Defendants had probable cause for the arrest, they could not have violated the Fourth Amendment. *See supra*; *Romero*, 45 F.3d at 1476. In his Response, Plaintiff does not and cannot argue Defendants committed any other type of constitutional violation, such as racial discrimination. *See Response*. The mere fact that Plaintiff is African-American cannot establish racial discrimination. *See Stewart v. City & County of Denver*, 2000 U.S. App. LEXIS 1516, *6-*8 (10th Cir. 2000). Plaintiff's allegation that Officer Borders once referred to

7

Plaintiff as "this mother fucker" has no racial connotation. Furthermore, this alleged comment was made outside of Plaintiff's presence. *See Exhibit 1 to Plaintiff's Response*, Subpart File 0031, 16:35-16:40. Because Plaintiff cannot show Defendants committed any constitutional violation, Defendants are entitled to qualified immunity. *See Wilkins v. DeReyes*, 528 F.3d 790, 796-97 (10th Cir. 2008); *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

Finally, Plaintiff argues that Defendants' Motion for Summary Judgment should be denied because Defendants failed to comply with procedural requirements. *See Response*, pp. 8-9. More specifically, Plaintiff asserts that "Defendants have not provided a memorandum containing a concise statement of their reasons in support of their motion for summary judgment, with authorities, for any of the causes of action comprising false imprisonment, malicious prosecution, assault and battery, racial discrimination, and failure to adequately train and supervise." *Id.* at p. 9. However, that is not required for a Motion for Summary Judgment on the Basis of Qualified Immunity. The procedure for this kind of motion is different from a typical motion for summary judgment. *See Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007) ("'Because of the underlying purposes of qualified immunity, we review summary judgment orders deciding qualified immunity questions differently from other summary judgment decisions.' When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must first establish that the defendant violated a constitutional right . . . .") (quoting *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)). Defendants *did* comply with the normal motion for summary judgment procedural requirements, for example by listing each undisputed material fact along with citations to the record, but either way Defendants certainly complied with the specific procedural requirements for a Motion for Summary Judgment on the Basis of Qualified Immunity. *See id.*; Fed. R. Civ. P. 56; *Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity*.

Plaintiff misconstrues the nature of the qualified immunity defense and the respective burdens concerning this defense by asserting Defendants failed to argue for dismissal of Plaintiff's claims for false imprisonment, malicious prosecution, assault and battery, racial discrimination, and failure to adequately train and supervise. *See Response*, p. 9. If Defendants establish the qualified immunity defense, then all Plaintiff's claims in this case, including the ones just listed, must be dismissed. *See Jones v. Denver*, 854 F.2d 1206, 1208 (10th Cir. 1988) ("Qualified immunity is an affirmative defense that shields government officials from personal liability unless their actions violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Therefore, Defendant need not argue why each individual claim must be dismissed, but need only argue that the defense applies, in which case each individual claim is dismissed. *See id.* Defendants have satisfied their burden of showing they are entitled to qualified immunity in this case. *See supra*; *Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity*. As discussed above, Plaintiff has failed to meet his burden of showing the defense does not apply. *See supra*. Therefore, Defendants are entitled to qualified immunity and thus to dismissal of all Plaintiff's claims in this matter. *See Cortez*, 478 F.3d at 1114 (outlining the burden shifting analysis of a motion for summary judgment on the basis of qualified immunity); Fed. R. Civ. P. 56.

### III. PRAYER FOR RELIEF

WHEREFORE Defendants City of Clovis, Clovis Police Department, Officer Amanda Boren, Officer Brice Stacy, Officer Brent Aguilar, and Officer Stephen Borders (collectively "Defendants") request that this Court grant their Motion for Summary Judgment on the Basis of Qualified Immunity, order that all claims asserted by Plaintiff in this matter are dismissed with

prejudice, order Plaintiff to pay the costs and fees Defendants incur in bringing this motion, and order any other and further relief this Court deems just.

        Respectfully submitted,

        LEWIS BRISBOIS BISGAARD & SMITH LLP

        By: */s/ Gregory L. Biehler*
           Gregory L. Biehler
           8801 Horizon Blvd. NE, Suite 300
           Albuquerque, NM  87113
           Phone: 505-828-3600
           Fax: 505-828-3900
           Greg.Biehler@lewisbrisbois.com
           *Attorneys for Defendants City of Clovis,*
           *Clovis Police Department, Officer Amanda*
           *Boren, Officer Brice Stacy, Officer Brent*
           *Aguilar, and Officer Stephen Borders*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court causing Counsel for the Plaintiff to be electronically served this 12th day of April, 2018, as follows:

Daniel R. Lindsey
Lindsey Law Firm, LLC
920 Mitchell Street
Clovis, NM  88101
575-763-8900
danlindsey@suddenlink.net

*/s/ Gregory L. Biehler*
Gregory L. Biehler